UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-17-2472-MWF (DTBx)**   **Date: May 11, 2017**
Title:    Nina Babayan v. McKesson Corporation, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

　　　　　Deputy Clerk:　　　　　　　　　　　　Court Reporter:
　　　　　Rita Sanchez

　　　　　Attorneys Present for Plaintiff:　　　Attorneys Present for Defendant:

**Proceedings (In Chambers):**   ORDER RE MOTION TO STAY CASE PENDING TRANSFER TO MDL [8]; MOTION TO REMAND CASE [10]

　　　Before the Court are two motions: Defendants' Motion to Stay Case Pending Transfer to MDL 2592 (Docket No. 8) and Plaintiff's Motion to Remand Case (Docket No. 10). The Court has read and considered the papers filed on the Motions and deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for May 22, 2017, is **VACATED**.

　　　The Court **GRANTS** the Motion to Stay and **DENIES** *without prejudice* the Motion to Remand.

　　　Plaintiff's Motion to Remand is based on the California citizenship of Defendant McKesson Corporation. Because Plaintiff is also a California citizen, she argues diversity is destroyed and the case must be remanded. This exact argument has been made in other cases concerning the drug Xarelto. *See, e.g.*, *Joanne Nash v. Janssen Research & Development, LLC*, CV 15-3868 AB (Ex) (C.D. Cal. June 4, 2015) (granting motion to stay and denying motion to remand based on identical argument) (attached as Exhibit B to Defendants' Opposition to the Motion to Remand). As Defendants point out, courts have generally rejected such arguments in favor of staying the case and allowing the MDL to decide these jurisdictional issues. *See id.* ("In light of the JPML's preliminary determination that this case should be transferred into the MDL proceeding, the Court thinks it appropriate to defer decision of the remand issue to the MDL judge, who will likely be fielding countless similar arguments of fraudulent joinder."); *see also Jamie Barba, et al. v. Janssen Research and*

---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-17-2472-MWF (DTBx)**       **Date:  May 11, 2017**
Title:     Nina Babayan v. McKesson Corporation, et al.

*Development LLC, et al.*, SACV 15-1548 DOC (JCGx) (C.D. Cal. Oct. 27, 2015) (granting motion to stay and denying motion to remand based on identical arguments) (attached as Exhibit C to Defendants' Opposition to the Motion to Remand).

    The Court agrees with the other courts cited above and concludes that staying the case and denying, without prejudice, the motion to dismiss is the appropriate course of action here.  Jurisdictional questions do not preclude the Court from determining whether a stay pending transfer is warranted. Indeed, "the [Multidistrict Litigation] Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending." *Wolgamott v. Asbestos Defendants*, No. C 09-5667 SBA, 2010 WL 583649, at *2 (N.D. Cal. Feb. 16, 2010) (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)); *see also Med. Soc'y of State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (2001) (granting motion to stay after determining that the MDL court would be best suited to resolve the complicated jurisdictional issues).

    The Court agrees that the complex jurisdictional issues raised by the hundreds of cases consolidated under MDL 2592 are best handled by that panel.  The Court notes that many other cases have raised similar fraudulent joinder issues, such that this Court's resolution of Plaintiff's specific Motion to Remand might lead to inconsistent results in other cases that have had such issues transferred to the MDL panel.  Because the jurisdictional issues "cannot easily be disposed of," the Court finds the MDL judge will be best suited to handle them.  *See Nielsen v. Merck & Co.*, No. C07-00076 MJI, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2010).

    The Court also agrees with Defendants and the other courts that Defendants will be prejudiced by denying a stay, and that Plaintiff will not face such prejudice should a stay issue.  Plaintiff will still have the opportunity to raise her jurisdictional issues at a later date.  By issuing the stay, the Court will allow Defendants to avoid a "tiresome, repetitious journey of duplicative discovery and motion practice." *Barba*, *supra*, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-17-2472-MWF (DTBx)**          **Date:  May 11, 2017**
Title:     Nina Babayan v. McKesson Corporation, et al.

Accordingly, the Court **GRANTS** the Motion to Stay and **DENIES** *without prejudice* the Motion to Remand.  The case is **STAYED** until a decision is reached by the MDL Panel as to whether to accept this action.

IT IS SO ORDERED.